## CUNNINGHAM v. NORTH BRITISH & MERC. INS. CO., Ltd.

No. 26744. Feb. 23, 1937.

Rehearing Denied April 6, 1937.

Bailey E. Bell (Herbert Barnett, Jr., of counsel), for plaintiff in error.

Rittenhouse, Webster & Rittenhouse, for defendant in error.

PER CURIAM. Parties in this court are referred to as they appeared in the trial court. The facts in the case are as follows: The defendant is a foreign corporation, authorized to do business in the state of Oklahoma. Plaintiff had for a long time been a resident of Wagoner, Okla. The defendant was represented in Wagoner by Euel Lancaster, doing business as Searcy-Lancaster Insurance Agency, and for several years had insured the household goods and personal effects of the plaintiff while located on lot 1, block 461, in the town of Wagoner, Okla., the policies being issued from year to year, and being included in a policy covering the buildings on said lot. On February 22, 1933, a renewal policy was issued thereon to expire February 22, 1934, and delivered to the loan company having a mortgage on the plaintiff's property. The premium was afterwards paid by the plaintiff. The policy covered $700 on the house and $400 on the household goods, and personal effects of every description "all while contained in the above-described building." At the time this renewal policy was written plaintiff had removed his household goods to the town of Pryor, Okla. It is not clear whether or not the agent, Lancaster, knew this at the time of renewing the policy, although he mailed the bill to the plaintiff at Pryor. However, a short time thereafter the plaintiff moved his household goods to the home of Fred Murphy, a brother-in-law of the plaintiff, residing on a farm near the town of Wagoner. Shortly thereafter the plaintiff advised the agent, Lancaster, of the location of the property on said farm, and caused inquiry to be made as to whether or not his goods were insured under said policy at the new location. He was informed by the agent that in case they were not insured, he would advise him to that effect. No advice was ever given. The agent did not cancel the policy or return the portion of the premium paid, but after having knowledge of the location of the goods, collected the balance of the premium. It appears that the plaintiff, after the statement of the agent, believed his goods to be protected by insurance at the new location, and relied thereon, and did not obtain new insurance and paid to the agent the balance of the premium.

On July 4, 1933, the Murphy home burned and plaintiff's goods were destroyed and the actual damage far exceeded the amount of the insurance. After considerable delay plaintiff's claim was rejected, suit was brought, and then a tender was made to the plaintiff of the premium paid by him. This was nearly two years after the date of the policy. This suit was dismissed by the plaintiff without trial and without prejudice, and the present suit was later filed in the trial court to recover the insured value of plaintiff's goods and personal effects, the value of which is admitted to be greater than the insured value.

It is shown in the evidence or admitted by stipulation that said policy was issued; that it was within the corporate powers of the insurance company; that it was delivered to the loan company, and the bill presented to the plaintiff and paid by him; that the goods were not in the building at the time it was written, but were in the town of Pryor, Okla., and were later moved to a farm near Wagoner; that the agent of the company was notified of such change and inquiry was made as to whether said policy still covered said goods; that the agent never notified the insured otherwise or canceled the policy, but after having such knowledge, collected the remainder of the

premium, and that the premium was not tendered back until after suit was brought about two years subsequent to the date of the policy.

Defendant defended on the ground that the agent had no authority to bind the company by insuring personal property on farms. It was shown that the agent, Lancaster, was the general agent appointed in writing without any limitation on his authority as to writing policies on farm property, and that his limitations were given to him verbally. In support of defendant's defense, a deposition taken in the prior case, but not filed in this case, was admitted in evidence.

At the close of defendant's evidence plaintiff demurred and the demurrer was overruled. At the close of all the testimony the defendant moved for an instructed verdict, and the motion was granted by the court and judgment rendered accordingly in favor of the defendant, and plaintiff excepted and appealed from the judgment and order of the court to this court.

It is the opinion of this court that the facts proven by the plaintiff established an apparent authority on the part of agent, Lancaster, to insure the property at the location where the same was destroyed, and to waive the provisions of said policy relating to the location of said goods, and that if any limitation existed upon his apparent authority, that the same was unkown to the plaintiff and that the plaintiff had a right to rely upon such apparent authority.

The record discloses that the agent, Lancaster, had full knowledge of the removal of the property to the Fred Murphy farm. and that he received premiums after he had such knowledge. The knowledge of Lancaster was the knowledge of the insurance company. It is claimed that the agent, Lancaster, put the plaintiff upon his guard that said goods were not insured, but such claim is negatived by the fact that the policy was never canceled, and the remainder of the premium subsequently collected. a portion of the same being collected even after the fire. We find nothing in the record to disprove the apparent authority so shown, or to show the knowledge of the insured of the limitation upon the authority of the agent.

The defendant attempted to show a limitation upon the general authority of the agent, but admitted that it was within the corporate powers to write farm insurance. In an attempt to show the limitation of the

agent, a deposition taken and filed in the previous case, but not filed in this case, was admitted in evidence over the objections of the plaintiff. This deposition was improperly admitted, not having been on file in this case at least one day before the day of the trial.

Section 310, O. S. 1931, provides:

"Every deposition intended to be read in evidence on the trial, must be filed at least one day before the day of trial."

We construe this to mean that the deposition must be filed in the case on trial at least one day before the trial.

This section of the statutes is in no way repealed by section 306, O. S. 1931, which reads as follows:

"When a deposition has been once taken, it may be read in any stage of the same action or proceeding, or in any other action or proceeding upon the same matter between the same parties, subject, however, to all such exceptions as may be taken thereto under the provisions of this article."

This court in the case of National Surety Co. v. Miozrany, 53 Okla. 322, 156 P. 651, and also in the case of Southwestern Surety Ins. Co. v. Marlow, 78 Okla. 313, 190 P. 672, and in the case of Muskogee Refining Co. v. Waters-Pierce Oil Co., 89 Okla. 279, 215 P. 766, stated as follows:

"A principal is bound by the apparent, as well as by the actual or express, authority given its general agent, where third persons have in good faith acted and relied thereon."

It is the opinion of this court that the plaintiff, having established apparent authority, and that he relied thereon, the trial court erred in sustaining defendant's motion for directed verdict in its favor.

The judgment of the trial court is reversed and said cause remanded for new trial.

The Supreme Court acknowledges the aid of Attorneys Geo. D. Wilson, Nathan Scarritt, and H. C. Kirkendall in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wilson and approved by Mr. Scarritt and Mr. Kirkendall, this opinion was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.

OSBORN, C. J., and BUSBY, WELCH,

PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., and RILEY, J., absent.